# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| GREGORY SMITH, (#M00207), ) | |
| ) | |
| Petitioner, ) | |
| ) | Case No. 14 C 4071 |
| v. ) | |
| ) | |
| STEPHEN DUNCAN, Warden, ) | |
| Lawrence Correctional Center, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM OPINION AND ORDER

AMY J. ST. EVE, District Court Judge:

Before the Court is pro se Petitioner Gregory Smith's petition for a writ of habeas corpus brought pursuant to 28 U.S.C. § 2254(d). For the following reasons, the Court denies Smith's habeas petition and declines to certify any issues for appeal pursuant to 28 U.S.C. § 2253(c)(2).

## BACKGROUND

When considering habeas petitions, federal courts must presume the factual findings made by the last state court to decide the case on the merits are correct unless the habeas petitioner rebuts those findings by clear and convincing evidence. *See* 28 U.S.C. § 2254(e)(1); *Ford v. Wilson,* 747 F.3d 944, 947 (7th Cir. 2014). Where Smith has not provided clear and convincing evidence to rebut this presumption of correctness, the following factual background is based on the Illinois Appellate Court's factual findings in *People v. Smith*, No. 1-09-2256 (1st Dist. June 10, 2011) (unpublished).

### I.    Factual Background

Although Smith was fifteen years old at the time of the offense, the State tried him as an adult in the Circuit Court of Cook County, Illinois. At trial, the State called retired Cook County

Sheriff Eddie Mastin as a witness. Mastin testified that on June 30, 2006, he was sitting on a bench in front of 5131 South Ingleside Avenue in Chicago waiting for a friend when he saw one of the two victims, Maurice McDonald, walk past him alone. Mastin testified that he heard four or five gunshots and observed a man on a bicycle down the street. Thereafter, Mastin saw a young man approach a man on the bike, place something in his pocket, mount the bike, and then the two rode away. Further, Mastin testified that he walked down the block and found McDonald and the second victim, Cruse Caldwell, on the ground—both suffering from gunshot wounds. He then spoke to Chicago police officers, who showed him a series of photographs. Mastin identified the two perpetrators, including Smith. He also testified that he viewed a lineup in August 2006 and identified Smith and his co-defendant.

      The State also called one of the victims, Caldwell, as a witness at trial. Caldwell testified that on June 30, 2006, McDonald, the other victim, and he were walking down South Ingleside Avenue when he observed a boy walking along with a young man riding a bicycle on the other side of the street. Caldwell testified that he then observed the boy cross the street, point the handgun at McDonald, and shoot. Caldwell then ran, and the boy shot at him. He further testified that the bullet pierced his lung. Trial evidence also revealed that Caldwell did not view a lineup or photographs, but identified Smith as the shooter at trial.

      The jury found Smith guilty of two counts of attempted murder, two counts of aggravated battery, and two counts of aggravated unlawful use of a weapon. After the verdict, Smith's attorney moved for a mistrial because one of the verdict forms contained an error, namely, the verdict form stated that Smith discharged a firearm during the offense causing the "death" of the victim. Because this was an attempted murder case, however, the verdict form should have read

2

that Smith's discharge of a firearm caused "great bodily harm." The trial court denied the motion for a mistrial, as discussed in further detail below.

## II. Procedural Background

After the jury trial, the Circuit Court of Cook County judge eventually sentenced Smith to a term of twenty-one years imprisonment. On direct appeal to the Illinois Appellate Court, First District, Smith argued that he was denied a fair trial because the jury erroneously found that he killed someone during the commission of the offense based on the incorrect verdict form and that the jury was biased against him because they found him guilty of killing someone. (Ex. A, at 18-23). On June 10, 2011, the Illinois Appellate Court concluded that Smith had forfeited this claim and that any such error did not rise to the level of plain error. On July 6, 2011, the Illinois Appellate Court denied Smith's petition for rehearing. Smith then filed a petition for leave to appeal ("PLA") that the Supreme Court of Illinois denied on September 28, 2011. According to the state court docket, on September 28, 2012, Smith filed a postconviction petition pursuant to the Illinois Postconviction Hearing Act, 725 ILCS 5/122–1, *et seq.*, that is still pending.

## III. Habeas Petition

On May 30, 2014, Smith filed the present pro petition for a writ of habeas corpus. Construing Smith's pro se allegations in his habeas petition liberally, *see Ambrose v. Roeckeman*, 749 F.3d 615, 618 (7th Cir. 2014), he argues that he was denied his right to an impartial jury and due process under the Sixth and Fourteenth Amendments because the jury erroneously found that he killed someone during the commission of the attempted murder based on the incorrect verdict form. The parties do not dispute that Smith has exhausted this claim, although Smith's postconviction petition, in which he brings the same claim as here, is still

pending.[1]

## ANALYSIS

**I.      Habeas Claim**

As discussed, on direct appeal to the Illinois Appellate Court, Smith argued that he was denied his right to an impartial jury and due process right to a fair trial under the Sixth and Fourteenth Amendments. Smith based his jury impartiality argument on the fact that the jury returned a guilty verdict on the uncharged offense of discharging a firearm causing death, when the evidence at trial did not establish that someone died. The Illinois Appellate Court did not construe this claim under a constitutional framework, but instead addressed this argument as two distinct arguments: (1) the verdict form was incorrect; and (2) the jury's return of the incorrect verdict form demonstrated juror bias. Respondent does not dispute that Smith fairly presented his argument as a constitutional claim to the Illinois courts. *See Smith v. Brown,* 764 F.3d 789, 795-96 (7th Cir. 2014).

Because the Illinois Appellate Court did not squarely addressed the merits of Smith's constitutional claim, the Court reviews this claim de novo under the pre-AEDPA standard of 28 U.S.C. § 2243, but with deference to the Illinois Appellate Court. *See Ruhl v. Hardy,* 743 F.3d 1083, 1091 (7th Cir. 2014). Under this standard, federal habeas courts dispose of the constitutional claim "as law and justice require." *Harris v. Thompson*, 698 F.3d 609, 623 (7th Cir. 2012). To that end, the Court must "conduct an independent review of the record and the applicable law to determine whether the *result* reached by the state court 'contravenes or

---

[1] Even if Smith had not exhausted his habeas claim, pursuant to 28 U.S.C. § 2254(b)(2), the Court may deny Smith's habeas petition notwithstanding his failure to exhaust his state court remedies.

unreasonably applies clearly established federal law.'" *Ashburn v. Korte,* 761 F.3d 741, 750 (7th Cir. 2014) (emphasis in original).

### A. The Record

The record reveals that Smith was charged in state court with eight counts of attempted murder, *see* 720 ILCS 5/8-4(a) (attempt), 720 ILCS 5/9(a)(1) (first degree murder), and two counts of aggravated battery with a firearm, *see* 720 ILCS 5/12-4.2(a)(1). Because attempted murder is a Class X felony, 720 ILCS 5/8-4(c)(1), Smith faced a prison sentence from six to thirty years if the jury convicted him of that charge, 730 ILCS 5/5-4.5-25(a). In addition, Smith was subject to a mandatory prison term of twenty-five years to natural life if the jury found that during the attempted murder he discharged a firearm that resulted in great bodily harm to the victim. *See* 720 ILCS 5/8-4(a). The indictment charged both allegations—that Smith committed attempted murder and that during the commission of that crime Smith discharged a firearm that resulted in great bodily harm.

The record also establishes that the Circuit Court properly instructed the jury on the elements constituting attempted murder, as well as properly instructing the jury on the discharge of a firearm causing bodily harm pursuant to the Illinois Criminal Pattern Jury Instructions. In addition, the Circuit Court provided the jury with verdict forms on the attempted murder and great bodily harm questions. The verdict form for the great bodily harm question contained an error, namely, instead of stating that Smith's discharge of a firearm caused great bodily harm—as charged in the indictment—it stated that Smith's discharge of the firearm caused the death of another person. Smith's defense counsel had the opportunity to review this verdict form, but did not object to the error before the Circuit Court submitted the verdict form to the

5

jury.

Thereafter, the jury found Smith guilty of attempted murder and also returned a verdict on the erroneous verdict form finding that in committing the attempted murder of Caldwell, Smith discharged a firearm that caused the death of another person. As the Respondent admits, this was untrue because no one died. The trial court then sentenced Smith to six years for the attempted murder of Caldwell and a consecutive twenty-five year term for discharging a firearm for a total thirty-one years in prison.

The parties subsequently agreed that the verdict form was erroneous because the form should have listed "great bodily harm" instead of "death." Smith subsequently filed a motion for a new trial based on this error. The Circuit Court denied the motion for a new trial, but vacated Smith's sentence for personally discharging a firearm that caused great bodily harm because the jury had not returned a proper verdict on that charge. Also, the Circuit Court vacated the original six-year sentence for the attempted murder conviction and imposed a single twenty-one-year sentence for the attempted murder of Caldwell, which is the only conviction and sentence under which Smith is in custody.

As discussed above, the Illinois Appellate Court construed Smith's appellate claim as follows: (1) the verdict form was incorrect, and (2) the jury's return of the erroneous verdict form demonstrated bias. As to the first claim, the Illinois Appellate Court concluded that this issue was forfeited because Smith failed to object to the verdict form at trial. Addressing the juror bias argument, the Illinois Appellate Court declined to infer juror bias, stating: "We cannot say the jury was biased because they signed the only available verdict finding defendant guilty of discharging a firearm during the offense."

**B.     The Applicable Law**

The Sixth and Fourteenth Amendments guarantee the right to a fair trial by a panel of impartial jurors. *See Morgan v. Illinois,* 504 U.S. 719, 726-27, 112 S.Ct. 2222, 119 L.Ed.2d 492 (1992) (quoting *Irvin v. Dowd,* 366 U.S. 717, 721, 81 S.Ct. 1639, 6 L.Ed.2d 751 (1961)). This right guarantees a jury "capable and willing to decide the case solely on the evidence before it," *see Smith v. Phillips,* 455 U.S. 209, 217, 102 S.Ct. 940, 71 L.Ed.2d 78 (1982), that is consistent with the court's instructions. *See Morgan*, 504 U.S. at 728. Under this standard, a criminal defendant, for example, may establish juror bias by showing that in reaching its verdict, the jury considered information outside of the evidence presented at trial. *See Hall v. Zenk,* 692 F.3d 793, 805 (7th Cir. 2012). In this vein, another example of possible juror bias is in the context of excessive pre-trial publicity about a defendant and the charged crime. *See Patton v. Yount,* 467 U.S. 1025, 1040, 104 S.Ct. 2885, 81 L.Ed.2d 847 (1984); *Irwin,* 366 U.S. at 728. Also, "there are some extreme situations that would justify a finding of implied bias," including "a revelation that the juror is an actual employee of the prosecuting agency, that the juror is a close relative of one of the participants in the trial or the criminal transaction, or that the juror was a witness or somehow involved in the criminal transaction." *Smith,* 455 U.S. at 222 (O'Connor, J., concurring).

**C.     Analysis under 28 U.S.C. § 2243**

In his habeas petition, Smith does not suggest that the jury relied upon outside or extraneous information nor that there was pre-trial publicity surrounding his case. Moreover, Smith is not arguing that bias should be implied, as articulated in Justice O'Connor's *Smith* concurrence. Instead, he asserts that the jury's verdict establishes bias because—by relying on

7

the erroneous verdict form—the jury "did not pay attention to the evidence." As the record reflects, however, a witness and one of the shooting victims testified in detail at trial about the shootings, and the Circuit Court properly instructed the jury as to both the attempted murder charges and the sentencing enhancement regarding whether Smith discharged a firearm that resulted in great bodily harm to the victim in the commission of the attempted murder. Also, there is no evidence in the record that the jury ignored the evidence presented at trial. Therefore, after independently reviewing the record, the Court would be hard-pressed to conclude that Smith has established juror bias in violation of the Sixth and Fourteenth Amendments based on the erroneous verdict form nor that the result reached by the Illinois Appellate Court contravenes or unreasonably applies clearly established federal law. *See Ashburn,* 761 F.3d at 750.

Even if Smith did establish juror bias, he must also show that the juror bias, as evidenced by the erroneous verdict form, harmed or prejudiced him. *See Hall,* 692 F.3d at 799, 805; *see also Brecht v. Abrahamson,* 507 U.S. 619, 623, 113 S.Ct. 1710, 123 L.Ed.2d 353 (1993). Here, the Circuit Court vacated Smith's sentence for personally discharging a firearm that caused great bodily harm because the jury had not returned a proper verdict on that charge. In other words, the Circuit Court did not sentence Smith under the improper verdict. Accordingly, Smith cannot establish that the erroneous verdict form "had substantial and injurious effect or influence in determining the jury's verdict," *see Brecht,* 507 U.S. at 623, and thus the Court denies his habeas claim.

## II.     Certificate of Appealability

Under the 2009 Amendments to Rule 11(a) of the Rules Governing Section 2254 Proceedings, the "district court must issue or deny a certificate of appealability when it enters a

final order adverse to the applicant." Accordingly, the Court must determine whether to grant Smith a certificate of appealability pursuant to 28 U.S.C. § 2253(c)(2) in the present order. *See Gonzalez v. Thaler,* ___ U.S. ___, 132 S.Ct. 641, 649 n.5, 181 L.Ed.2d 619 (2012).

A habeas petitioner does not have the absolute right to appeal a district court's denial of his habeas petition, instead, he must first request a certificate of appealability. *See Miller-El v. Cockrell,* 537 U.S. 322, 335, 123 S.Ct. 1029, 1039, 154 L.Ed.2d 931 (2003); *Bolton v. Akpore,* 730 F.3d 685, 697 (7th Cir. 2013). Instead, a habeas petitioner is entitled to a certificate of appealability only if he can make a substantial showing of the denial of a constitutional right. *See Miller-El,* 537 U.S. at 336; *Thomas v. Zatecky,* 712 F.3d 1004, 1006 (7th Cir. 2013); 28 U.S.C. § 2253(c)(2). Under this standard, Smith must demonstrate that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El,* 537 U.S. at 336 (quoting *Slack v. McDaniel,* 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000)).

Here, reasonable jurists would not conclude that the Court erred denying Smith's juror bias/due process claim under the standard set forth in 28 U.S.C. § 2243, especially in light of the Circuit Court vacating Smith's sentence for personally discharging a firearm. Therefore, the Court declines to certify any issues for appeal. *See* 28 U.S.C. § 2253(c)(2).

## CONCLUSION

For these reasons, the Court denies Smith's petition for a writ of habeas corpus and declines to certify any issues for appeal. *See* 28 U.S.C. §§ 2253(c)(2), 2254(d).

**Dated:** November 3, 2014

**ENTERED**

**AMY J. ST. EVE**
**United States District Judge**